United States Bankruptcy Court
Eastern District of Pennsylvania

In re:                                                                  Case No. 13-17891-elf
Tracey E Davis                                                          Chapter 13
        Debtor

# CERTIFICATE OF NOTICE

District/off: 0313-2        User: Virginia           Page 1 of 1              Date Rcvd: May 22, 2017
                            Form ID: pdf900         Total Noticed: 1

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
May 24, 2017.
db             +Tracey E Davis,    210 E. Stearly Street,    Philadelphia, PA 19111-5915

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
NONE.                                                                                             TOTAL: 0

             ***** BYPASSED RECIPIENTS *****
NONE.                                                                                             TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.


**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: May 24, 2017                                        Signature:  /s/Joseph Speetjens

---

# CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on May 22, 2017 at the address(es) listed below:
              DANIELLE  BOYLE-EBERSOLE    on behalf of Creditor    Citibank, N.A. as Trustee for WaMu
               Asset-Backed Certificates, WaMu Series 2007-HE4 debersole@hoflawgroup.com,
               bbleming@hoflawgroup.com
              DAVID M. OFFEN    on behalf of Debtor Tracey E Davis dmo160west@gmail.com,  davidoffenecf@gmail.com
              GERALD THOMAS CLARK    on behalf of Creditor    Philadelphia Gas Works gerald.clark@pgworks.com
              JOSHUA ISAAC GOLDMAN    on behalf of Creditor    Citibank, N.A. bkgroup@kmllawgroup.com,
               bkgroup@kmllawgroup.com
              JOSHUA ISAAC GOLDMAN    on behalf of Creditor    Citibank, N.A. as Trustee for WaMu Asset-Backed
               Certificates, WaMu Series 2007-HE4 bkgroup@kmllawgroup.com,  bkgroup@kmllawgroup.com
              MATTHEW CHRISTIAN WALDT    on behalf of Creditor    SELECT PORTFOLIO SERVICING, INC, SERVICING
               AGENT FOR mwaldt@milsteadlaw.com,  bkecf@milsteadlaw.com
              THOMAS I. PULEO    on behalf of Creditor    Citibank, N.A. as Trustee for WaMu Asset-Backed
               Certificates, WaMu Series 2007-HE4 tpuleo@kmllawgroup.com,  bkgroup@kmllawgroup.com
              THOMAS I. PULEO    on behalf of Creditor    Citibank, N.A. tpuleo@kmllawgroup.com,
               bkgroup@kmllawgroup.com
              United States Trustee    USTPRegion03.PH.ECF@usdoj.gov
              WILLIAM C. MILLER, Esq.    ecfemails@ph13trustee.com,  philaecf@gmail.com
                                                                                             TOTAL: 10

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Tracey Davis<br>　　　　　Debtor | CHAPTER 13 |
| Citibank, N.A., as Trustee, in trust for registered Holders of WaMu Asset-Backed Certificates WaMu Series 2007-HE4 Trust<br><br>　　　　　Movant<br>vs. | NO. 13-17891 ELF |
| Tracey Davis<br>　　　　　Debtor | 11 U.S.C. Section 362 |
| William C. Miller<br>　　　　　Trustee | |

### STIPULATION

AND NOW, it is hereby stipulated and agreed by and between the undersigned as follows:

1. The post-petition arrearage on the mortgage held by the Movant on the Debtor's residence is **$15,090.63,** which breaks down as follows;

| | |
|---|---|
| Post-Petition Payments: | April 2016 to October 2016 in the amount of $1,157.23/month; November 2016 through May 2017 at $1,149.72/month. |
| Suspense Balance: | $1,058.02 |
| **Total Post-Petition Arrears** | **$15,090.63** |

`2. The Debtor shall cure said arrearages in the following manner:

　　a). Within seven (7) days of the filing of this Stipulation, Debtor shall file an Amended Chapter 13 Plan to include the post-petition arrears of **$15,090.63.**

　　b). Movant shall file an Amended or Supplemental Proof of Claim to include the post-petition arrears of **$15,090.63** along with the pre-petition arrears;

　　c). The new 410A form for a Proof of Claim shall not be required for this Amended or Supplemental Proof of Claim.

3. Beginning with the payment due June 1, 2017 and continuing thereafter, Debtor shall pay to Movant the present regular monthly mortgage payment of $1,149.72 (or as adjusted pursuant to the terms of the mortgage) on or before the first (1st) day of each month.

4. Should Debtor provide sufficient proof of payments made, but not credited (front & back copies of cancelled checks and/or money orders), Movant shall adjust the account accordingly.

5. In the event the payments under Section 3 above are not tendered pursuant to the terms of this stipulation, Movant shall notify Debtor and Debtor's attorney of the default in writing and the Debtor may cure said default within FIFTEEN (15) days of the date of said notice. If Debtor should fail to cure the default within fifteen (15) days, Movant may file a Certification of Default with the Court and the Court shall enter an Order granting Movant immediate relief from the automatic stay and waiving the stay provided by Bankruptcy Rule 4001(a)(3).

6. If the case is converted to Chapter 7, Movant shall file a Certification of Default with the Court and the Court shall enter an order granting Movant relief from the automatic stay.

7. If the instant bankruptcy is terminated by either dismissal or discharge, this agreement shall be null and void, and is not binding upon the parties.

8. The provisions of this stipulation do not constitute a waiver by Movant of its right to seek reimbursement of any amounts not included in this stipulation, including fees and costs, due under the terms of the mortgage and applicable law.

9. The parties agree that a facsimile signature shall be considered an original signature.

Date: May 12, 2017

By: /s/ Thomas I. Puleo, Esquire
Thomas I. Puleo, Esquire
KML Law Group, P.C.
701 Market Street, Suite 5000
Philadelphia, PA 19106-1532
(215) 627-1322 FAX (215) 627-7734

**\*without prejudice to any trustee rights or remedies**

Date: May 15, 2017

David M. Offen
Attorney for Debtor

Date: 5/17/2017

William C. Miller
Chapter 13 Trustee

**NO OBJECTION**

## ORDER

Approved by the Court this 22nd day of May, 2017. However, the court retains discretion regarding entry of any further order.

ERIC L. FRANK
CHIEF U.S. BANKRUPTCY JUDGE